**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-01687 |
| | ) | |
| Tavern on LaGrange Corp | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on March 20, 2023, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, either in courtroom 682 of the Everett McKinley Dirksen U. S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604, or electronically as described below, and present this **MOTION TO APPROVE POST-PETITION RETAINER** for Subchapter V Trustee, Neema T. Varghese.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link:  https://www.zoomgov.com.  Then enter the meetingID and password.

**To appear by telephone**, call Zoom for Government at (669) 254-5252 or (646) 828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 500 0972 and the passcode is 726993. The meeting ID and password can also be found on the judge's webpage on the court's website.

**If you object to this motion** and want it called on the presentment date above, you mustfile a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/*Neema T. Varghese*
Neema T. Varghese
Subchapter V Trustee
NV Consulting Services LLC
701 Potomac Ave, Suite 100
Naperville, Illinois 60565
Tel: 630-697-4402
nvarghese@nvconsultingservices.com

CERTIFICATE OF SERVICE

I, Neema T. Varghese, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on February 27, 2023.

/s/ *Neema T. Varghese*
Neema T. Varghese

**REGISTRANTS SERVED VIA COURT ECF**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- J Kevin Benjamin    attorneys@benjaminlaw.com, firmecf@gmail.com;BenjaminLegalServices@jubileebk.net
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Jeffrey K. Paulsen    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com
- Charles S. Stahl    cstahl@smbtrials.com
- Neema T Varghese    nvarghese@nvconsultingservices.com

**SERVED VIA US MAIL:**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: Tavern on LaGrange Corp | ) | Chapter 11 |
| | ) | Case No. 23-01687 |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |

**MOTION TO APPROVE**
**POST-PETITION RETAINER**

Neema T. Varghese, Subchapter V Trustee appointed in this case (the "Subchapter V Trustee") files this *Motion To Approve Post-Petition Retainer* (the "Motion"), and states as follows in support of the Motion:

**JURISDICTION AND GROUNDS FOR RELIEF**

1. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1). Venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 328(a) and 331.

**BACKGROUND**

2. This case was filed on February 8, 2023.

3. On February 13, 2023, the Subchapter V Trustee was appointed to aid in the advancement of this case. The Notice of Appointment of Subchapter V Trustee was filed on February 13, 2023. (ECF 7).

4. Pursuant to the Notice of Appointment, the Subchapter V Trustee is to be reasonably compensated for services, on an hourly basis, and is to be reimbursed for actual and necessary out-

of-pocket expenses, pursuant to 11 U.S.C. §§ 328(a), 330, and 331.

## AUTHORITY AND ARGUMENT

5. Under the bankruptcy code, a trustee is permitted to hold a post-petition retainer in trust in order to satisfy trustee and other professional fees on an interim basis, provided that the funds are on deposit and not paid or applied to fees unless and until such fees are authorized by appropriate court order. The Subchapter V Trustee therefore requests that the Debtor be directed to provide a post-petition retainer of $5,000.00 to be held as a deposit against accrued and accruing trustee's fees pending appropriate application and subsequent order authorizing the payment of fees.

6. Several courts have determined that in Chapter 11 cases, and in particular, Subchapter V cases, it is appropriate for the trustee to hold a post-petition retainer to satisfy payment of trustee fees. *See, e.g.*, Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Level Eight, Inc.*, No. 21-41365-mxm-11 (Bankr. N.D. Tex. Aug. 25, 2021); Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Miken Oil, Inc.*, No. 21-60115 (Bankr. E.D. Tex. May 18, 2021); Agreed Ord.Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Chido, Inc.*, No. 21-30449-hcm (Bankr. W.D. Tex. Aug. 27, 2021).

7. Under 11 U.S.C. §328(a), a trustee is specifically authorized to hold or pay a retainer or post-petition retainer for the interim payment of professional fees. *See In re Golden Fleece Beverages, Inc.*, 2021 WL 6015422 *3 (Bankr. N.D. Ill. November 24, 2021) (Section 328 clearly states that a professional may be employed on any reasonable terms and conditions of employment, "including a retainer"); *In re Knudsen Corp.*, 84 B.R. 668, 670-71 (9th Cir. BAP 1988) (Section 328(a) allows the trustee to employ professionals under various compensation schemes, including the use of a retainer); *In re Pan American Hospital Corporation,* 312 B.R. 706 (S.D. Fla. 2004) (holding that it was permissible for a trustee to utilize an evergreen retainer for the compensation of

professionals); *In re Troung,* 259 B.R. 264 (D.N.J. 2001) (holding that it was proper for the trustee to pay a $15,000 post-petition retainer for payment of professional fees); *In re Addison,* 535 B.R. 772 (N.D. Ill. 1995) (holding that payment of a post-petition retainer is appropriate where there is adequate protection for creditors); *In re Jefferson Business Center Associates,* 135 B.R. 676 (D. Colo. 1992) (holding that it was appropriate for the trustee to pay a post- petition retainer on which debtor's counsel could draw on a monthly basis).

8. This practice has been further codified within the local rules of some courts and has since been applied by various courts as a method of payment for Chapter 11 trustees' fees, particularly in Subchapter V cases. *See* Bankr. E.D. Tex. LBR 2016(g)-(f); *see, e.g.*, Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Level Eight, Inc.*, No. 21-41365-mxm-11 (Bankr. N.D. Tex. Aug. 25, 2021) (setting aside a retainer in the amount of $5,000 for interim fee payments to a Subchapter V Trustee upon approval of the court); Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Miken Oil, Inc.*, No. 21-60115 (Bankr. E.D. Tex. May 18, 2021) (setting aside a retainer in the amount of $5,000 for interim fee payments to a Subchapter V Trustee upon approval of the court); Agreed Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Chido, Inc.*, No. 21-30449-hcm (Bankr. W.D. Tex. Aug. 27, 2021) (setting aside a retainer in the amount of $3,000 for interim fee payments to a Subchapter V Trustee upon approval of the court).

9. Though various jurisdictions apply different tests, the primary inquiry in most jurisdictions is whether the compensation terms are reasonable and whether there are adequate procedural protections imbedded in the compensation scheme. *In re Knudsen,* 84 B.R. at 670 ("bankruptcy courts may authorize employment of professionals 'on any reasonable terms and conditions of employment'); *In re Pan American Hosp. Corp.*, 312 B.R. at 710 ("the bankruptcy court measures the terms of professional engagements by debtors using a standard of

'reasonableness.'"); *In re Troung,* 259 B.R. at 267 (stating that retention terms are restricted only by reasonableness of the retention terms). The critical factor is that any fees must not be *finally allowed* (i.e., they must be subject to repayment) until a detailed application is filed, an opportunity for objection has been provided, and the court has reviewed the application.

10. Unlike Debtors' counsel, who has an opportunity to review the Debtors' financial condition and negotiate a retainer prior to agreeing to representation, the Subchapter V Trustee is appointed by the U.S. Trustee's office on a case-by-case basis only a*fter* the case is filed. However, *the Debtors* are still obligated to *pay* the Subchapter V Trustee for the services provided in this case in an amount ultimately determined by the Court. Those fees are an administrative cost and, realistically, the Debtors need to be able to account for those costs in their budget from the outset of the Subchapter V process. To do otherwise is to risk the prospect of numerous cases where the Subchapter V Trustee goes unpaid – thus creating a situation which, if recurring, may potentially chill the willingness of many professionals to serve as subchapter V trustees. *Cf. In re North Bay Tractor, Inc.*, 191 B.R. 186, 188 (Bankr. N.D. Ca. 1996) (discussing nature of debtors' counsel retainer in light of "equal priority" of administrative claims and questioning disparate treatment of claims "just because [debtor's counsel] had access to the debtor just before it filed its petition").

11. In assessing reasonability and procedural protections, courts have considered a host factors, including:

   (a) Procedural safeguards, such as whether the compensation procedure ensures fees are not finally allowed without filing of a detailed application, an opportunity for objection, and court review of the application;

   (b) Whether waiting on payment would place undue hardship on the professional being compensated;

   (c) The retainer's economic impact on the debtor's ongoing business operation;

  (d)  The retainer's impact on the debtor's ability to reorganize; and

  (e)  The reputation of the professional being compensated.

*See In re Knudsen*, 84 B.R. at 671-72 (using procedural safeguards and undue hardship on the applicant as consideration factors); *In re Troung,* 259 B.R. at 268 (using the factors established in *In re Jefferson Business Center Associates,* 135 B.R. at 680, including economic impact on the ongoing business and ability to reorganize, the reputation of debtor's counsel, and opportunity for disgorgement).

  12.  In this case, the factors weigh in favor of an allowance for a post-petition retainer. The retainer will simultaneously assure that the Debtors are capable of making payments to fund a future plan and the Subchapter V Trustee will not go unpaid should they be unable to perform. The retainer will be held in trust pending the allowance of fees after the filing of an appropriate application for compensation. Adequate procedural safeguards are therefore in place. As such, the Subchapter V Trustee should be authorized to hold the funds in the form of a retainer for interim compensation.

## **RELIEF REQUESTED**

  13.  By this Motion, the Trustee requests a post-petition retainer or retainer of $5,000.00 delivered to the Subchapter V Trustee, due within seven days of court approval of this Motion in the amount of $5,000.00.

  14.  The Trustee shall hold such funds in an insured account until such time as the Subchapter V Trustee's fees and expenses have been approved by the Court.

  15.  WHEREFORE, the Subchapter V Trustee requests that the Court enter an Order granting this Motion under the terms specified above, and for such other and further relief that the Court deems just and appropriate.

Dated:  February 27, 2023.

                    By:  /s/ Neema T. Varghese
                        Neema T. Varghese
                        701 Potomac Ave, Suite 100
                        Naperville, Illinois 60565
                        (630) 697-4402
                        nvarghese@nvconsultingservices.com

*Subchapter V Trustee*