# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | **A CHAPTER 11 PROCEEDING** |
| | Case No. 23-01687 |
| TAVERN ON LAGRANGE CORP | Judge: Hon. A. Benjamin Goldgar |
| Debtor. | *Hearing Date: April 3, 2023*<br>*Hearing time: 10:00 a.m.* |

**DEBTOR'S SUBCHAPTER V STATUS REPORT PURSUANT TO 11 U.S.C. § 1188(c)**

*PLEASE TAKE NOTICE that TAVERN ON LAGRANGE CORP.,* the above captioned debtor (the *"Debtor"*) has elected to file this chapter 11 case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code").[1] The Debtor files this *status report (the "Report")* pursuant to *§1188(c) of the Bankruptcy Code* and the Initial Scheduling Order entered by this Court. As Debtors Report the Debtor respectfully states as follows:

## I. INTRODUCTION

1. Debtor initially filed its Sub V chapter 11 plan on April 26, 2022, case number 22-04773. On July 26, 2022 it filed its plan of reorganization and August 29, 2022 the case was dismissed at the debtors request.

2. At the time Debtor was operating as a bar and restaurant that also provided for live entertainment and gaming machines onsite.

3. Administrative claims were granted to Matthew Brash, Benjamin Legal Services, and

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

Factor Law were all awarded attorney fees by this Court, as administrative expenses, and all are now creditors of Debtor in the refiled chapter 11.

4. Benjamin Legal Services is a creditor in the amount of $10,000, the limit allowed under sub V cases.

5. The prior chapter 11 plan was to be funded mainly through the sale of the commercial real estate where the debtor was operating. Until that time the debtor was being funded by additional cash infusions of parties in interest, and those parties were no longer willing to finance the debtor.

6. When issues arose regarding the closing of the property Debtor brought in outside investors who then decided to not get involved due to the chapter 11. With no ability to close and fund a plan the case was dismissed.

7. Previously Greg Perkins was the designated representative of Debtor and now Antonio Barnes is the President and designated representative of Debtor.

8. Debtor currently has no employees or income.

*Current Situation*

9. Since the case was dismissed Debtor continued to attempt to resolve issues with the seller of the commercial real estate and the Illinois Department of Revenue (IDOR).

10. Through Debtor's outside commercial real estate attorneys they agreed to assign the right to purchase to another entity and as a result in January of 2023 the seller finally executed the agreements to sell the property. Copies of the commercial real estate contract, revised contract and assumption and assignment agreements are appended to this status report.

11. The case was refiled due to an issue with the Illinois Department of Revenue.

12. $140,000 was paid to the IDOR towards Debtors debt on or about February 6, 2023 but

that was not enough to resolve the issue with IDOR who rejected installment agreement proposals by Debtor and demanded to be paid in full.

13. Unique Property Holdings (UPG), the assignee of the contract to purchase paid the $140,000 and was leasing the premises to Tavern Hospitality Group, who was then running a bar and restaurant out of the premises.

14. THG runs numerous bar/restaurants and will lease the first floor from UPG that also has live music.  The premises also has a basement and will lease that to Debtor, who is rebranding itself as an event planning, catering and host of events business.

15. THG was using the liquor license of Debtor while it applied for its own. In exchange Debtor would not only be allowed to lease the basement but THG would lease other space to Debtor in its other restaurants to facilitate Debtors rebranding and new business. IDOR maintains a lien on the liquor license.

16. Per the terms of the attached agreements if the closing does not occur Debtor and THG will have to vacate the property by April 3rd.

17. UPG was planning to close the real estate transaction March 15, 2023. That did not happen. The closing has been rescheduled so it would close on or before April 3, 2023.

18. Upon closing Debtor is to receive payments for the use of the license, for several months, of around $15,000 while Debtor also will be able to market and grow its newly rebranded business.

19. If the sale of the property to UPG does not close and Debtor and THG vacate the premises Debtor will be out of business and will not be able to fund a plan.

*Current Case*

20. On February 8, 2023 (the "Petition Date") this case was commenced by the Debtor filing

3

in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, a voluntary petition for relief under Chapter 11 of Title 11 of Code, as case number 23-01687 (the "Case"), [**Dkt. No. 1**].

21. That the Debtor is an Illinois Corporation in good standing with its principal place of corporate business located at 101 Burr Ridge Pkwy, Suite 206, Illinois 60527.

22. On February 23, 2023 The initial debtor interview with the Office of the United States Trustee was held and adjourned and the section 341 meeting of creditors was held and adjourned on March 14, 2023.

23. There has not been a trustee, receiver, examiner, or any official committee of unsecured creditors, appointed in this Case as of the date of the filing of this Application, other than the appointment of the Sub-V chapter 11 trustee.

24. Since the Petition Date, the Debtor has remained in possession of its assets and has continued in, the possession of all its assets and property, as a debtor-in-possession pursuant to 11 U.S.C. §1107 and 1108 of the Code, in the above captioned Case.

25. The Debtor intends to employ counsel and has retained J. Kevin Benjamin and Benjamin Legal Services to represent the Debtor and whose application to employ will be filed and set to be heard with the status hearing on April 3, 2023.

26. The Debtor is not planning to employ any other professionals at this time but does reserve its rights to seek court authority to employ other professionals as needed, in particular employment of an accounting firm to assist Debtor.

27. Debtor has not filed any motions to assume or reject leases at this time.

28. The Debtor does not maintain any DIP account at this time. Debtor had one bank account

open at the time of filing with Old National Bank, as listed on its schedules. However, one of the prior creditors had a lien on the approximate $1,700 that was in the account at the time and subsequently the bank closed the account.

29. As currently there was not income coming in no other account has been opened but debtor is looking to open a DIP account as it believes the closing will occur before the status hearing and that Debtor will them be able to shortly file a plan of reorganization and move forward.

30. On March 20, 2023 the sub V trustee had an order entered requesting the payment of $5,000 for a retainer that Debtor plans to pay before the status hearing.

31. Currently the Debtor is not paying any adequate protection payment or any current payments to secured creditors.

## II. STATUS

### *Type of Plan of Reorganization*

32. The Debtor intends to pursue a *CONSENSUAL* plan of reorganization, as opposed to a Nonconsensual plan.[2]

33. The Debtor has not complicated negotiations with all creditors and at this time has not yet obtained consent of all creditors.

34. The Debtor believes it may be able to pay around $15,000 per month to fund a Plan.

35. The Debtor anticipates its Plan will pay all secured and priority creditors, including former administrative creditors, 100% of their claims and unsecured creditors around 100% of its claims, within 60 months of the Plan's effective date.

36. This would come from the $15,000 per month it may receive for several months from THG while the debtor gets its rebranded business going.

37. Debtors new business would be much less complex than its previous business as they would hold events weekly at the most. The accounting and booking would be much simpler and there would be no need for employees as Debtor could utilize the kitchen of THG and contract with them to staff the events.

### *Timing for Filing Plan of Reorganization*

38. The Debtors anticipates filing its proposed chapter 11 plan (the "Plan") well within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code, which would be June 6, 2023.

### *Reason for the Plan of Reorganization*

39. The Debtor believes its rebranded business will allow for it to obtain consensual agreements with all creditors to fund a plan of reorganization.

40. For this reason, the Debtors seeks a *Consensual* Plan.

### *Efforts to Confirm a Consensual Reorganization Plan*

41. The Debtor will continue to work with creditors to maintain communication, good faith negotiations, to work out an difference or otherwise resolve concerns and come to an agreement by consensus as to acceptable plan terms to allow for the Debtor to timely file a Consensual Plan.

### *Current Claims Filed*

42. The current claims register as of the date of this status report indicates that as of today secured claims have been filed in the amount of $105,689.22; unsecured priority claims in the amount of 323,405.21 and general unsecured claims in the amount of $0.00.

### *Debtors Compliance with its Duties and Obligations under §1116 of the Code*

43. The Debtors monthly operating reports will be a prorated operating report and will be

---

[2] The term "nonconsensual plan" for purposes of this report means a plan confirmed under § 1191(b) of the Bankruptcy Code.

filed prior to the April 3, 2023 status hearing. The April report was due March 21, 2021 and is for a period of only 20 days (February 9-February 28, 2023). The March operating report is not due until April 21, 2023.

44. The Debtor appeared at its initial debtor interview and meeting of creditors and complied with the terms and conditions of the interview and meeting, including proving the U.S. Trustee's office with all requested documents.

45. The Debtor will be filing its most recent tax returns shortly and any other required government filings. The Debtor has not yet filed its 2022 returns.

46. The Debtor has filed all the required documents under the Bankruptcy Code including the Petition, Schedules, Statement of Financial Affairs as of the date of this Report.

47. The Debtor complied with *§1116* by maintaining insurance customary and appropriate to its industry, as well as the use of the premises pursuant to the Bankruptcy Code.

Dated this 20th Day of March, 2023                    Respectfully submitted,

                              **TAVERN ON LAGRANGE CORP (Debtor)**

J. Kevin Benjamin, Esq.
ARDC #: 6202321                                By: /s/ J. Kevin Benjamin
Theresa S. Benjamin                            One the Attorneys for the Debtor
ARDC #: 6230425
Benjamin Legal Services PLC
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100

## CERTIFICATE OF SERVICE

I, J. Kevin Benjamin, certify that I caused to be filed ***Debtor's Status Report Pursuant to 11 U.S.C. § 1188(c)***. I served a copy on each entity shown on the attached list at the address shown and by the method indicated on the list on March 20, 2023.

## ELECTRONIC SERVICE LIST

**Creditors Served Through the Court's Electronic Notice for Registrants**

Any Creditor, Party in Interest or Registrant whom is registered with the Bankruptcy Court's Electronic Case Filing system and has registered to, or is otherwise set to receive notices on this particular matter, will receive an electronic notice upon the filing of this instrument.

**Notice will be electronically mailed to:**

Erica N Byrd on behalf of Creditor Kapitus Servicing, Inc.
ebyrd@VABLawFirm.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Jeffrey K. Paulsen on behalf of Creditor Jeffrey K Paulsen
jpaulsen@wfactorlaw.com, bsass@wfactorlaw.com;jpaulsen@ecf.courtdrive.com

Charles S. Stahl, Jr. on behalf of Creditor Swift Financial, LLC, as servicing agent for WebBank
cstahl@smbtrials.com

Susan Valentine on behalf of Creditor Kapitus Servicing, Inc.
svalentine@vablawfirm.com, mnoriega@vablawfirm.com

Neema T Varghese
nvarghese@nvconsultingservices.com

**SERVICE LIST FOR PARTIES IN INTEREST SERVED BY EMAIL**

**Ally Bank**
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**AMUR Financial**
304 W 3rd St
Grand Island, NE 68801-5941

**Capital One Bank (USA), N.A.**
American Infosource LP, as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

**Centra Funding LLC**
c/o Wright Law Group PLLC
PO Box 105603 Pmb 84356
Atlanta GA 30348

**Centra Leasing**
Attn Rebecca Foster in Collections
1400 Preston Rd Ste 115
Plano, TX 75093-5159

**Commonwealth Edison Company**
Bankruptcy Department
1919 Swift Dr
Oak Brook, IL 60523-1502

**Ferrellgas LP**
1 Liberty Plz Md 40
Liberty, MO 64068-2970

**Fox Capital Group Inc**
1920 E Hallandale Beach Blvd Ste 503
Hallandle Bch, FL 33009-4723

**Guadalupe Arce**
11027 W 153rd St
Orland Park, IL 60467

**Illinois Department of Revenue**
Bankruptcy
Po Box 19035
Springfield, IL 62794-9035

**Illinois Liquor Control Commission**
50 W Washington St Rm 209
Chicago, IL 60602-1464

**Internal Revenue Service**
Centralized Insolvency Operation
Po Box 7346
Philadelphia, PA 19101-7346

**IOU Financial**
600 Townpark Ln Nw Ste 100
Kennesaw, GA 30144-3736

**NARAI Ventures LLC**
C/O Yana Chechelnitsky, Esq.
6143 186th St Ste 450
Fresh Meadows, NY 11365-2710

**Newpoint Advisors Corporation**
Matthew Brash
5600 N River Rd Ste 800

1 | Rosemont, IL 60018-5166
2 |
3 | **Satum Encore Funding**
    525 Washington Blvd Jersey Blvd
    Jersey City, NJ 07310-1606
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |